IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SONJI RICHARSON<br><br>      Plaintiff,<br><br>v.<br><br>SOLVAY SPECIALTY POLYMERS, USA, LLC and its successor, SYENSQO SPECIALTY COMPANY<br><br>      Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## **PLAINTIFF'S COMPLAINT**

COMES NOW the Plaintiff, Sonji Richardson ("Ms. Richardson"), by and through the undersigned counsel, and brings Complaint against Solvay Specialty Polymers USA, LLC and its successor, Syensqo Specialty Company for (1) employment discrimination on the basis of race and age and (2) retaliation. In support of her Complaint, Ms. Richardson alleges and states as follows:

1

## INTRODUCTION

1.

This is an action for racial discrimination, retaliation, and related state claims pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991.

## JURISDICTION

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The Court's supplemental jurisdiction over state law claims is invoked pursuant to 28 U.S.C. § 1367 and O.C.G.A. §9-10-91.

3.

Defendant Solvay Specialty Polymers USA, LLC ("Solvay") is an "employer" engaged in an industry affecting commerce as defined in 42 U.S.C. § 2000e.

4.

Defendant Syensqo Specialty Company (Syensqo) was spun off of Sovay in or around November of 2023 and is the current employer of Ms. Richardson.

5.

This Court has personal jurisdiction over Defendant(s) as Defendant(s) conduct business within the State of Georgia and have a principal place of business within the Northern District of Georgia.

## VENUE

6.

Defendant(s) operate their principal place of business within the Northern District of Georgia. Jurisdiction and venue in this district are proper for the Defendants pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS OF FACT

7.

Plaintiff, Ms. Richardson, is an African-American female, who is over forty years.

8.

Ms. Richardson has been employed by Defendant Solvay since 2003 in Defendants' Quality Control laboratory.

9.

Ms. Richardson was employed in a twelve-hour rotating shift, and it was common knowledge that she desired a day-shift position as the employees who work

twelve-hour rotating shifts have a more difficult schedule and additional responsibilities and tasks not required of day-time shift workers.

10.

On April 6, 2022, Solvay posted a full-time, day-shift position for a Lab Technician within the Quality Control department.

11.

Ms. Richardson applied and interviewed for the position.

12.

In addition to Ms. Richardson, three other internal candidates applied including (1) a white male who was over forty years old (2) an African-American female who was over forty years old and (3) a white female that was twenty-eight years old.

13.

Defendant(s) hired the white female that was twenty-eight years old.

14.

Ms. Richardson was denied a promotion to a day-shift position on a pretextual basis that she failed to respond adequately to "troubleshooting tasks."

15.

Such reasoning is clearly pre-textual as Ms. Richardson had been fulfilling the same role for almost twenty years as of the date of the interview.

16.

Ms. Richardson's experience and capabilities made her best qualified for the duties of the position.

17.

The failure to promote Ms. Richardson to a day-time position was due to discrimination based on race and/or age.

18.

Accordingly, Ms. Richardson continues to work the twelve-hour rotating shift position where she is required to work a harder schedule and perform extra tasks, not required of day-shift workers, without additional compensation.

19.

Ms. Richardson's compensation is less than other similarly situated employees.

20.

Following Ms. Richardson's complaints of discrimination, Defendant(s) have retaliated against her by threatening adverse employment actions, including pretextual disciplinary actions.

21.

Ms. Richardson has been treated differently than similarly situated employees by Defendants in the terms and conditions of her employment because of her race and age.

22.

On or about September 27, 2023, Ms. Richardson was provided a Right to Sue Letter on behalf of the Equal Employment Opportunity Commission. (See attached as Exhibit "A").  This action was filed under Title VII within ninety (90) days of receipt of such letter.

**COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

23.

Plaintiff incorporates the statements and allegations contained in paragraphs 1-33, *supra*, as if set forth fully herein.

24.

Ms. Richardson is a member of a protected class in that she is African-American.

25.

Ms. Richardson was subjected to racial discrimination by Defendant(s)' refusal to promote Ms. Richardson to a day-time position when she was the most qualified candidate.

26.

Defendants(s)' selected a candidate with fifteen years less experience because it did not wish to promote Ms. Richardson, as a minority, to the day-time shift.

27.

Throughout her employment, Ms. Richardson has repeatedly been subjected to discrimination in lower pay and a failure to promote in violation of Title VII of the Civil Rights Act of 1964.

28.

The effect of this conduct by Defendant(s) has been to deprive the Plaintiff of her equal employment opportunity and has otherwise adversely affected her status of employment because of her race.

29.

As a direct and proximate result of Defendants' actions and violation of Title VII, Ms. Richardson has suffered and continues to suffer lost past and future compensation, and emotion and mental distress.

# COUNT II – AGE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

30.

Plaintiff incorporates the statements and allegations contained in paragraphs 1-33, *supra*, as if set forth fully herein.

31.

Ms. Richardson is a member of a protected class in that she is over the age of fifty-years old.

32.

Ms. Richardson was subjected to age discrimination by Defendant(s)' refusal to promote Ms. Richardson to a daytime position when she was the most qualified candidate.

33.

Defendants(s)' selected a candidate with fifteen years less experience because it did not wish to promote Ms. Richardson, as an older employee, to the day-time shift.

34.

Throughout her employment, Ms. Richardson has repeatedly been subjected to discrimination in lower pay and a failure to promote in violation of Title VII of the Civil Rights Act of 1964.

35.

The effect of this conduct by Defendant(s) has been to deprive the Plaintiff of her equal employment opportunity and has otherwise adversely affected her status of employment because of her age.

36.

As a direct and proximate result of Defendants' actions and violation of Title VII, Ms. Richardson has suffered and continues to suffer lost past and future compensation, and emotion and mental distress.

## COUNT III – INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37.

Plaintiff incorporates by reference the statements and allegations contained in paragraphs 1-33, *supra*, as if set forth fully herein.

38.

The actions of Defendants against Ms. Richardson have caused Ms. Richardson to suffer mental and physical impact which have impacted her ability to have an enjoyment of life.

39.

The actions of Defendants against Ms. Richardson as alleged herein were intentional and/or reckless, extreme, outrageous, and beyond all possible bounds of decency, and as such should be regarded as utterly intolerable in a civilized community.

40.

In the alternative, the actions of Defendants against Ms. Richardson as alleged herein were grossly negligent to a degree that disregards the obvious result of their collective indifference to their duties as employers.

41.

As a result of the actions of Defendants against Ms. Richardson as alleged herein, Ms. Richardson has suffered severe emotional and mental distress which has manifested itself in physical symptoms including, but not limited to, severe anxiety, headaches, sleeplessness, and other related physical disorders.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Ms. Richardson respectfully requests that the Court find in her favor on all Counts and that the Court award to her:

a) As to Count I, damages in an amount to be determined at trial in an amount not less than $200,000.00;

b) As to Count II, damages in an amount to be determined at trial in an amount

not less than $200,000.00;

c) As to Count III, damages in an amount to be determined at trial in an amount not less than One Hundred and One Thousand ($101,00.00);

d) Attorney's fees and costs as permitted by applicable Georgia or federal law; and

e) Such other relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of December, 2023.

                                                     BRISKIN, CROSS & SANFORD, LLC

                                                     <u>/s/ Mary Trachian-Bradley</u>
                                                     Mary Trachian-Bradley
                                                     Georgia Bar No. 774440
                                                     David M. Messer
                                                     Georgia Bar No. 771007
                                                     Counsel for Plaintiff

33 S. Main Street, Suite 300
Alpharetta, Georgia 30022
(770) 410-1555
mtrachian@briskinlaw.com
dmesser@briskinlaw.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing *Complaint* complies with the font and point selections approved by the Court in Local Rule 5.1C.  The foregoing was prepared on computer using Times New Roman (14 point).

**Mary Trachian-Bradley, Esq.**
Georgia Bar No. 774440
Briskin, Cross & Sanford, LLC
mtrachian@briskinlaw.com
Counsel for Plaintiff